**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SHIRLEY MAE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07cv1120-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her applications for benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*, Shirley Mae Lewis ("Lewis") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review of this decision, it became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court REMANDS this case to the Commissioner.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Lewis, age 51 at the time of the hearing, completed the eighth grade. Lewis's past relevant work included employment as a janitor/maid. She alleges she became disabled on December 2, 2003, due to glaucoma, carpal tunnel syndrome, arthritis, thyroid and knee

problems, and allergies. She did not engage in substantial gainful work activity at any time relevant to her application period.

The record contained an RFC assessment of Lewis performed by a medical consultant for the State agency Disability Determination Service. The assessment found Lewis could perform work at the medium exertional level, but specified she "would have to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc."[1] The ALJ concluded Lewis was severely impaired by carpal tunnel syndrome, osteoarthritis of the knees, and glaucoma, but that she did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found Lewis had the residual functional capacity (RFC) to perform work at the light exertional level, and in so doing noted additional medical evidence indicated she had greater limitations than those found by the State agency.[2] The ALJ also found Lewis has mild to moderate postural limitations, mild to moderate manipulative limitation, mild mental limitation, and would have to avoid hazardous machinery and unprotected heights, as well as exposure to dust and fumes, etc.[3] The ALJ credited testimony from a vocational expert which indicated Lewis could perform her past relevant work as a janitor/maid.[4] This finding that Lewis is able to work rendered her

---

[1] R. at 25.

[2] R. at 26.

[3] R. at 25-26.

[4] R. at 27.

ineligible for disability benefits under the Act, and this judicial review followed.

## III.  ISSUES

Lewis raises four issues for judicial review:

1. Whether the ALJ committed reversible error in failing to consider the severity of Lewis's hypertension, depression, and allergies.

2. Whether the ALJ committed reversible error by failing to pose a hypothetical question to the vocational expert which comprehensively describes Lewis's impairments.

3. Whether the ALJ committed reversible error by failing to order a consultative exam when medical evidence suggests that Lewis suffers from a mental impairment.

4. Whether the ALJ committed reversible error by failing to order a Psychiatric Review Technique Form when medical evidence suggests Lewis suffers from a mental impairment.

## IV.  DISCUSSION

**The ALJ's finding that Lewis is able to return to her past relevant work conflicts with his factual findings regarding her need to avoid dust and fumes, and remand is required.**

Lewis argues the ALJ committed reversible error by failing to include all of her conditions in the hypothetical posed to the vocational expert (VE). The Commissioner responds an ALJ need only include severe impairments when posing a hypothetical to a VE, and therefore the omission of non-severe impairments was not error.

The ALJ found Lewis "would have to avoid hazardous machinery and unprotected heights, as well as exposure to dust and fumes, etc." The hypothetical posed to the VE

during the administrative hearing included Lewis's physical and mental limitations, as found by the ALJ, and then added "[E]nvironmental limitations would be avoiding hazards and heights."[5] The VE responded that Lewis could return to her previous work as a janitor/maid.[6] Lewis argues the omission of all limitations was error, noting her well-documented history of allergy problems and steady treatment for the condition.[7] The Commissioner responds an ALJ is permitted to omit non-severe impairments from a hypothetical posed to a VE.[8] *Loveless v. Massanari*, 136 F.Supp.2d 1245, 1250-51 (M.D. Ala. 2001). The Commissioner also submits that the Dictionary of Occupational Titles (DOT) confirms Lewis's ability to return to her past work as a maid, as the DOT "indicates that this job does not involve . . . exposure to weather, extreme cold, extreme heat, wet and/or humid, high exposed places, toxic caustic chemicals, and other environmental conditions."[9] While the phrase "other environmental conditions" is not defined, the DOT listing does not specifically list "dust" as a work-place hazard Lewis would be able to avoid in her past relevant work.

The Court finds that work as a janitor or maid entails exposure to "dust, fumes, etc," and so limits her ability to return to her past relevant work. If Lewis must avoid these irritations, as the ALJ has determined she should, his finding that she can return to her past

---

[5] R. at 364.

[6] R. t 365.

[7] Pl. Br. at 11.

[8] Def. Br. at 7.

[9] Def. Br. at 7.

work is incorrect. This common sense result holds whether or not the impairment is severe or non-severe. Whatever its classification, Lewis's respiratory condition imposes limitations on her ability to work in an occupation with consistent exposure to substances the ALJ (and the State agency) have determined she should avoid. It is true that this court and others have ruled that non-severe impairments may be omitted from a hypothetical question posed to a VE. However, in *Hilkemeyer v. Barnhart*, 380 F.3d 441 (8th Cir. 2004), the court made a distinction between non-severe impairments that do not impose any limitations upon a claimant's ability to work, and those that do. *Hilkemeyer*, 380 F.3d at 447. In this case, the impairment is simply inconsistent with the ALJ's decision. *See* 20 C.F.R. § 404.1545(e) (providing the Commissioner "will consider the limiting effects of all your impairments(s), even those that are not severe, in determining your residual functional capacity.")

"The Act defines a non-severe impairment as an impairment or combination of impairments that 'does not significantly limit . . . physical or mental ability to do basic work activities.'" *Williams v. Barnhart*, 140 Fed. Appx. 932, 934 (11th Cir. 2005). 20 C.F.R. § 404.1521(a). The record shows the ALJ found Lewis's respiratory limitations significant enough to include them in his findings of fact, but did not deem them worthy of mention to the VE. The Eleventh Circuit has long held that "courts must overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself. *Sierra Club v. Martin*, 168 F.3d 1, 4 (11th Cir. 1999) quoting *Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986). The Court finds the ALJ did not properly consider Lewis's limitations in his conclusion that she could work as a janitor/maid, and must remand due to

6

the ALJ's failure to properly consider Lewis's limiting, though non-severe, impairment.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the case should be remanded for compliance with applicable regulations. It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED and REMANDED**.

Done this 18th day of August, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE